UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| McKENZEE RUTH ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv282 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Child Insurance Benefits[1] as provided for in the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

---

[1] Although Plaintiff's claim is for Child Insurance Benefits, Plaintiff must meet the adult standard of disability due to her age, 21, at the time of filing. Thus, citations will be to the statues and regulations relating to adult disability claims.

impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1.  Born on May 23, 1994, the claimant had not attained age 22 as of May 22, 2012 (20 CFR 404.102(c)(4) and 404.350(a)(5)).

2.  The claimant has not engaged in substantial gainful activity since May 22, 2012 (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.  The claimant has the following severe impairments: obsessive-compulsive disorder (OCD), anxiety panic disorder, attention deficit hyperactivity disorder (ADHD), mood disorder bipolar depression (Exhibits 4F, 5F, 8F, 11,F, 14F, 15F, 18F, 19F, 21F, 22F); and, reports of use of alcohol, marijuana and "psychedelic mushrooms" (Exhibits 7F, 8F, 15F, 21F)(20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 416.926).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations. These limitations include the inability to tolerate fast-paced work or work requiring a regimented, strict or rigid pace of production. In addition , there is a limitation to only superficial interaction with supervisors, coworkers, and the general public, defined as occasional and casual contact with no prolonged conversations, and is further defined in that contact with supervisors is short, but allows for supervisors to give instructions absent any exposure to intense or critical supervision. Finally, the individual is bet suited to working alone, in semi-isolation from others, or as part of a small group.

6.  The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on May 23, 1994, and was 6 years old, as of alleged onset, and the individual attained age 18 on May 22, 2012 (*i.e.* the day prior to her 18th birthday), which is defined as a younger individual age 18-49, at attainment of age 18 (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the economy

>    that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from May 22, 2012, through the date of this decision (20 CFR 404.350(a)(5), 404.1520(g) and 416.920(g)).

(Tr. 20-35 ).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on December 22, 2017. On March 8, 2018, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162

n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that Step 5 was the determinative inquiry.

Plaintiff's sole argument in support of remand is her contention that the ALJ erred in not incorporating limitations from all the medically determinable impairments (especially the OCD impairment) into the RFC, and in not considering the combined impact thereof.

Plaintiff claims that the ALJ did not provide any limitations related to the OCD impairment. The Commissioner, however, maintains that the ALJ's RFC finding properly took into account Plaintiff's OCD, which the ALJ found to be moderate, at least when Plaintiff complied with medication, avoided substance abuse, and absent unusual situational stressors.

A review of the ALJ's decision shows that he gave considerable weight to the fact that Plaintiff, during some years at least, went off her medications and used drugs and alcohol. (Tr.22) There is no discussion as to whether the substance abuse was an attempt to self-medicate. The ALJ appears to have the attitude that if Plaintiff would simply "follow the program" her problems would be under control and she could keep a steady job. However, the ALJ did not cite to evidence tending to show that Plaintiff, properly medicated and with no substance abuse, can hold down a job. The ALJ does state at one point that "records of mental health treatment dating from 2008-2009 appear to note some sustained periods when the claimant was fairly mentally stable taking medications...." Yet there is no logical bridge from this vague assertion to the conclusion that Plaintiff is employable on a full-time basis.

As Plaintiff points out, she has been undergoing psychiatric treatment since she was a child, and her treating psychiatrist, who had treated her since March 8, 2010, opined on October 10, 2016, that "[a]t this time because of her OCD symptoms, it will be very difficult for her to

keep a steady job." (Tr. 467) Additionally, the VE acknowledged that someone who, because of OCD, had to do things her own way and could not follow directions, would "not usually" be able to maintain employment. (Tr. 104).

Unfortunately, the briefing before this court was very light and haphazard and basically unhelpful. Due to the apparent severe mental problems which Plaintiff faces and has faced her entire life, the court will remand out of an abundance of caution. On remand, the ALJ is to thoroughly consider the impact of Plaintiff's OCD (alone and in conjunction with her other mental and physical ailments) on real-world employment. And if this case comes back for district court review, all counsel are expected to likewise present thorough, thoughtful briefing to the court.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby REMANDED for further proceedings consistent with this Opinion.

Entered: May 14, 2018.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court